IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DAN NEFF, Personal Representative for Estate of CHARLES BREEDING, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> KATHLEEN SEBELIUS, Secretary, United States Department of Health and Human Services, <br><br> Defendant. | CV 13–95–M–DWM <br><br> ORDER |

**INTRODUCTION**

Plaintiffs seek declarations pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, of the meaning of the Medicare Secondary Payer provision with respect to Medicare's recovery of asbestos-related wrongful death settlements paid to non-beneficiaries on behalf of 15 deceased Medicare beneficiaries. Defendant Kathleen Sebelius, Secretary of the United States Department of Health and Human Services ("the Secretary"), contends Plaintiffs have failed to adequately plead subject-matter jurisdiction and, even if their pleadings are adequate, they have failed to exhaust the administrative exhaustion requirements of 42 U.S.C. § 405(g)-(h) or establish that the United States has waived its sovereign immunity.

1

Plaintiffs have not adequately plead subject-matter jurisdiction. While the Plaintiffs have asked for oral argument, I find the briefing is sufficient to enable a resolution of the case.

**STATUTORY BACKGROUND**

The Medicare program pays for medical care for the aged, disabled, and persons suffering from end-stage renal disease pursuant to the provision of the Medicare Act, 42 U.S.C. § 1395, *et seq.* Prior to 1980, Medicare generally paid for medical services regardless of whether the beneficiary was also covered by another health plan. *See* Soc. Sec. Amends. of 1965, Pub. L. No. 89-97, § 1862(b), 79 Stat. 286. Beginning in 1980, however, Congress enacted a series of amendments "designed to make Medicare a 'secondary' payer with respect to such plans." *Health Ins. Assn. of Am., Inc. v. Shalala*, 23 F.3d 412, 414 (D.C. Cir. 1994). The amendments, codified at 42 U.S.C. § 1395y(b)(2), are referred to as the Medicare Secondary Payer provision. The section at issue reads:

> Repayment required . . . a primary plan, and an entity that receives payment from a primary plan, shall reimburse the appropriate Trust Fund for any payment made by the Secretary under this subchapter with respect to an item or service if it is demonstrated that such primary plan has or had a responsibility to make payment with respect to such item or service. A primary plan's responsibility for such payment may be demonstrated by a judgment, a payment conditioned upon the recipient's compromise, waiver, or release (whether or not there is a determination or admission of liability) of payment for items or services included in a

claim against the primary plan or the primary plan's insured, or by other means.

42 U.S.C. § 1395y(b)(2)(B)(ii) (2006).

**FACTUAL BACKGROUND**

Plaintiffs are beneficiaries of qualified settlement funds that hold settlement proceeds pending resolution of any claims of Medicare to payment under the Medicare Secondary Payer provision. The settlement funds are proceeds of court approved global settlements for asbestos-related injuries. Plaintiffs seek a declaration that recoveries on a Montana "wrongful death" action by a decedent's loved ones are personal property to these individuals, are not recoveries by the decedent or his estate, and, because they are not recoveries by the decedent's medical expenses, are not a subject to the Medicare Secondary Payer provision.

**SUMMARY CONCLUSION**

The Complaint can be dismissed pursuant to Rule 12(b)(1) on the grounds of inadequate pleading alone. Federal-question jurisdiction in the instant case is precluded by the "channeling" requirements of § 405(h).

**STANDARD**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows for a motion to dismiss based on lack of subject-matter jurisdiction. Under this provision, a claim

can be challenged both facially and substantively. *See Arbarugh v. Y & H Corp.*, 546 U.S. 500 (2006). A facial challenge contests the adequacy of the allegations of the complaint and a substantive challenge contests the factual merits of the asserted federal jurisdiction. *See Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005); *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The plaintiff has the burden to establish that subject-matter jurisdiction is proper. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). In federal question cases, this means the plaintiff must demonstrate a non-frivolous claim based on federal law, and must meet all other statutory prerequisites for litigating the federal claim, such as exhaustion of administrative remedies. *See Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989).

## ANALYSIS

**I.  Subject-Matter Jurisdiction**

    **A.  Plaintiffs failed to adequately plead federal subject-matter jurisdiction.**

The Secretary first raises a facial challenge to this Court's subject-matter jurisdiction, alleging Plaintiffs' Complaint inadequately pled subject-matter jurisdiction. In their Complaint, Plaintiffs expressly sought relief under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. However, the Declaratory

Judgment Act does not by itself confer federal subject-matter jurisdiction. *Nationwide Mut. Ins. Co.*, 408 F.3d at 1161. Thus, Plaintiffs are required to plead an independent basis for federal jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Having failed to do so here, their Complaint may be dismissed on these grounds alone. *See Gibbs v. Buck*, 307 U.S. 66, 77 (1939).

However, "[a]ny non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is later dismissed on the merits." *City of Colton v. Am. Promotional Events, Inc.-West*, 614 F.3d 998, 1006 (9th Cir. 2010) (citation omitted); *see Chasis v. Progress Mfg. Co.*, 382 F.2d 773, 776 (3d Cir. 1967) (noting that the question of jurisdiction may be determined from the face of the complaint). In *Nationwide*, although the plaintiff did not expressly state the basis of the district court's subject-matter jurisdiction, the complaint stated that the resolution of its claims would require the federal court to apply the Federal Tort Claims Act. 408 F.3d at 1161. The Ninth Circuit found this was a clear indication that the plaintiff's complaint presented a federal question giving rise to federal subject-matter jurisdiction. *Id.* There is no such indication here.

Plaintiffs affirmatively assert they do *not* fall under the Medicare Act[1] and allege no other basis for this Court's jurisdiction. Even if it is assumed the reference to the Medicare Act is a statement of jurisdiction, such jurisdiction would not necessarily be clear from the Complaint as "[f]ederal question jurisdiction does not extend to most claims arising under the Medicare Act." *Haro v. Sebelius*, Slip Copy No. 11-16606, 17 (9th Cir. Sept. 4, 2013). Thus, Plaintiffs have failed to make a clear or implied allegation showing this Court has jurisdiction over their claims.

The necessary conclusion is the case on this basis is dismissed without prejudice. However, there are additional problems with proceeding on Plaintiffs' complaint.

**B.      This Court lacks subject-matter jurisdiction pursuant to § 405(g).**

The Secretary also argues there is no subject-matter jurisdiction because Plaintiffs are first required to exhaust the administrative process before turning to judicial review. The Medicare Act incorporates 42 U.S.C. § 405(h), which provides:

---

[1] The plaintiffs contend a "declaratory judgment action does not arise under the Medicare Act if it challenges Medicare's demands, under the color of the Secondary Payer Act, against individuals who are not Medicare beneficiaries, not primary insurers, and not individuals with respect to whom any provision of the Medicare Act speaks a single word." (Pls.' Br. in Opp., doc. 9 at 9.)

> No findings of act or decision of the [Secretary] . . . shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the [Secretary] . . . , or any officer or employee thereof shall be brought under section 1331 . . . of title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h). The purpose of § 405(h) is to ensure that claims are channeled so that the agency has the first opportunity to revise its own policies:

> the bar of § 405(h) reaches beyond ordinary administrative law principles of 'ripeness' and 'exhaustion of administrative remedies'—doctrines that in any event normally require channeling a legal challenge through the agency . . . [I]t demands the 'channeling' of virtually all legal attacks through the agency [and] assures the agency greater opportunity to apply, interpret, or revise policies, regulations or statutes without possibly premature interference by different individual courts applying 'ripeness' and 'exhaustion' exceptions case by case.

*Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 12-13 (2000) (citation omitted). By excluding claims under the Medicare Act from federal-question jurisdiction, § 405(h) makes § 405(g) the "sole avenue for judicial review of all claims arising under the Medicare Act." *Heckler v. Ringer*, 466 U.S. 602, 614-15 (1984) (internal quotation marks omitted). The inquiry in determining whether § 405(h) bars federal-question jurisdiction is whether Plaintiffs' claims "arise under" the Medicare Act. *See id.*

### 1. Plaintiffs' claims "arise under" the Medicare Act.

Courts apply a two-part test in determining whether or not a claim "arises

under" the Medicare Act. Under this test, § 405(h) applies where "both the standing and substantive basis for the presentation of a claim is the Medicare Act[.]" *Ill. Council*, 529 U.S. at 12 (internal quotation marks and citation omitted). Plaintiffs insist they do not invoke the Medicare Act for either basis. However, the declaration in question regards the Secretary's interpretation of the secondary payer provision and its application to non-beneficiaries like Plaintiffs.

Plaintiffs first reason that § 405(h) only applies to claims for benefits. However, this proposition was specifically rejected by the Supreme Court in *Illinois Council*. 529 U.S. at 14 ("Nor can we accept a distinction that limits the scope of § 405(h) to claims for monetary benefits."); *see also Heckler*, 466 U.S. at 615 (finding that the difference between a declaratory judgment action and an actual award of benefits "is of no importance."). In *Haro*, the Ninth Circuit specifically found that a challenge to the Secretary's policy of demanding certain payments fell under § 405(h)'s channeling requirements even though the plaintiffs had made no claim for benefits. At 22. Similarly, Plaintiffs are asking this Court to make a declaration regarding the Secretary's policy of recovering from non-beneficiaries in wrongful death actions. Even though Plaintiffs may not make a claim for benefits, they seek a declaratory judgment on Medicare's secondary payer provision, 42 U.S.C. § 1395y(b)(2)(B)(ii), which provides the substantive

basis for their claims.

Plaintiffs' argument regarding standing is equally unconvincing. Plaintiffs contend that because they are not beneficiaries under the Medicare Act, their standing is in no way related to Medicare or medical payments. However, as argued by the Secretary, the Medicare Secondary Payer provision enables Medicare to recover overpayments from any person or entity that receives a payment from a primary plan. *See* 42 U.S.C. 1395y(b)(2)(B)(ii); *Haro*, at 6. This statute does not limit such action to beneficiaries. Furthermore, Plaintiffs' challenge applies specifically to their circumstance as trustees and fiduciaries of certain settlement funds (entities that have received money in some capacity or another from the primary plan).

Because the secondary payer provision of the Medicare Act provides the substantive and standing basis for Plaintiffs' claim, their claims must be channeled through § 405(g) and original jurisdiction under 28 U.S.C. § 1331 is precluded. *See Haro*, at 19. The Court has no jurisdiction to consider the claim at this point.

### 2. Plaintiffs failed to satisfy the presentment and exhaustion requirements under § 405(g).

The exhaustion requirement of § 405(g) consists of a nonwaivable requirement of presentment and a waivable requirement of exhaustion. *Heckler*,

466 U.S. at 617. Only presentment is "purely jurisdictional." *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976) (internal quotation marks omitted). Plaintiffs have not alleged any attempt to exhaust their administrative remedies. Although courts have reached the merits of similar claims before, it is only after the plaintiffs have demonstrated administrative exhaustion. *See Bradley v. Sebelius*, 621 F.3d 1330, 1334 n. 9 (11th Cir. 2010) (reaching the merits of claims made by survivors regarding recoveries under the Florida Wrongful Death Act, but noting that they exhausted their administrative remedies and that an earlier declaratory judgment action had been dismissed on 28 U.S.C. § 1331 grounds).

Plaintiffs insist that even if they needed to exhaust for past settlement recoveries, they are in need of declaratory relief for future settlement negotiations. However, such an interpretation "would allow claimants [to] substantially [] undercut Congress' carefully crafted scheme for administering the Medicare Act." *See Heckler*, 466 U.S. at 621. It also raises the specter of judicial advice which is prohibited.

Plaintiffs maintain that the administrative process in this situation would not vest the reviewer with the authority to decide the question of law raised in this case. Once again, this contention is specifically addressed by the Supreme Court in *Illinois Council*, where it states "[t]he fact that the agency might not provide a

hearing for [any] particular contention, or may lack the power to provide one . . . is beside the point because it is the 'action' arising under the Medicare Act that must be channeled through the agency." 529 U.S. at 23. The Federal Circuit also addressed this issue in *Wilson v. United States*, 405 F.3d 1002, 1013 (Fed. Cir. 2005), finding that even though the agency acted contrary to the Medicare Act, the administrative review scheme still applied and to find otherwise

> would subvert the carefully crafted scheme that Congress created in the Act. That is because it would mean that whenever a Medicare claimant disagreed with agency action on the ground that the action was contrary to statute (even if the question turned on the meaning of a statutory provision), he or she could opt out of the administrative review process.

*Wilson*, 405 F.3d at 1013.

Subject-matter jurisdiction is precluded because Plaintiffs have failed to channel their claims through the administrative review process.

## II. This Court need not address the parties' arguments regarding sovereign immunity.

In light of the foregoing it is unnecessary to address sovereign immunity.

### CONCLUSION

The Secretary's motion to dismiss (doc. 6) is GRANTED and Plaintiffs' claim is DISMISSED WITHOUT PREJUDICE for failure to adequately plead subject-matter jurisdiction. The case is also dismissed for the additional reason

that the claim has not been exhausted so there is no subject-matter jurisdiction under § 405(h)-(g). The Secretary's motion to dismiss (doc. 6) on this ground is also GRANTED without prejudice. The hearing set for October 9, 2013, is VACATED.

IT IS FURTHER ORDERED that Defendant's motion for a stay (doc. 15) is DENIED as moot.

The Clerk is directed to notify the parties of the entry of this order.

Dated this 1st day of October, 2013.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT