IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DAN NEFF, Personal Representative for Estate of CHARLES BREEDING, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> KATHLEEN SEBELIUS, Secretary, United States Department of Health and Human Services, <br><br> Defendant. | CV 13–95–M–DWM <br><br> ORDER |

Plaintiffs have filed a motion for leave to move for reconsideration of this Court's October 1, 2013 Order (Doc. 16) dismissing this case without prejudice for lack of subject matter jurisdiction. Plaintiffs contend such relief is warranted on the grounds that they are foreclosed from participating in the administrative process and thus a narrow exception outlined in the Ninth Circuit decision *Haro v. Sebelius*, Slip Copy No. 11-16606 (9th Cir. Sept. 4, 2013) controls.

Under Rule 59(e) of the Federal Rules of Civil Procedure, a district court may, in its discretion, alter or amend a judgment "if the district court committed clear error or made an initial decision that was manifestly unjust." *Zimmerman v.*

1

*City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). "A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (internal quotation marks and citation omitted). The purpose of Rule 59(e) is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings. *See United States v. Dieter*, 429 U.S. 6 (1967).

In this Court's October 1 Order, it determined it lacked subject matter jurisdiction because jurisdiction was inadequately pled and Plaintiffs failed to channel their claims through the administrative exhaustion process, 42 U.S.C. § 405(g). Although this Court correctly concluded that Plaintiffs' claim "arose under" the Medicare Act, it did not apply a narrow exception that excuses such exhaustion if the party is foreclosed from participating in the administrative review process. *See Haro*, at 26. In their motion, Plaintiffs insist this narrow exception applies here as they are not beneficiaries under the Medicare Act and are unable to pursue administrative review.

This situation is not a clear-cut question of an intervening change in

controlling law or newly discovered evidence. Rather, the case at issue, *Haro*, clarified the facts necessary for meeting an existing exception under the law.[1] Pursuant to *Haro*, a non-beneficiary who has no opportunity to present his challenge through the administrative process is excepted from the administrative exhaustion requirements of 42 U.S.C. § 405(g). At 26. The *Haro* decision, however, does not change the fact that some non-beneficiaries are still required to administratively exhaust. *See Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 20-21 (2000) (regarding an association of nursing homes).

In both their Complaint and Brief in Opposition, Plaintiffs assert they are non-beneficiaries; however, Plaintiffs have previously failed to assert that they are ineligible to participate in the administrative review process. The Secretary actually contends the contrary, citing to the regulations which provide that an "individual authorized under State law . . . to act on behalf of a beneficiary" is an authorized representative and has "all of the rights and responsibilities of a beneficiary . . . throughout the appeals process." 42 U.S.C. § 405.902. The Secretary also cites to a portion of the Medicare Manual that states: "If the beneficiary is deceased, the legal representative of the estate may file an appeal."

---

[1] As cited in *Haro*, this exception was first outlined in *Illinois Council*. *See Haro*, at 26; *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 19 (2000).

Medicare Claims Processing Manual, Ch. 29, 270.1.7. These provisions indicate that Plaintiffs, as the personal representatives of the estates of certain deceased beneficiaries, are eligible to participate in the administrative review process.

Furthermore, even if this Court accepted Plaintiffs' current motion as sufficient to demonstrate a lack of access to the administrative review process, such a finding would not overcome the Complaint's other jurisdictional inadequacies.

Having reconsidered its dismissal without prejudice for lack of subject matter jurisdiction, IT IS ORDERED that the Plaintiffs' motion (Doc. 17) is DENIED.

Dated this 5th day of November, 2013.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT